## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSSELL NIEMEYER,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 10-09 Erie** |
| | ) | |
| **v.** | ) | **Senior District Judge Maurice B. Cohill** |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **KENNETH CAMERON, et al.,** | ) | |
| **Respondents.** | ) | |

## MEMORANDUM ORDER

This habeas action filed by Petitioner, Russell Niemeyer, pursuant to 28 U.S.C. § 2254 was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges. On January 23, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") [ECF No. 24] in which she recommended that the petition be denied with respect to each of Petitioner's claims and that a certificate of appealability ("COA") be denied. Petitioner, through his counsel, has filed Objections [ECF No. 27] to the R&R.

Where, as here, Objections have been filed, the Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made. See 28 U.S.C. § 636(b)(1). Accordingly, the Court has carefully examined *de novo* all arguments raised by Petitioner in his Objections and the Court agrees with the Magistrate Judge that he is not entitled to habeas relief or a COA on any of his claims. Petitioner's Objections are overruled and the Court approves and adopts the R&R, as supplemented herein. The Court writes only to address his contentions that: (1) he can demonstrate "cause" sufficient to overcome his procedural default of Claims I through IV (an argument he makes for the first time in his Objections); and, (2) the R&R contains "an important factual error," [ECF No. 27 at 1 n.1].

1

## I.

Petitioner raised seven claims in his petition for a writ of habeas corpus. The following four claims are at issue here:

Claim I    The trial court violated Petitioner's Fourteenth Amendment right to due process of law and based its ruling upon an unreasonable determination of the facts when it permitted *carte blanche* admission of evidence of uncharged prior bad acts of his without either assessing the reliability of the claims against him or balancing their highly prejudicial impact;

Claim II   The trial court violated Petitioner's constitutional right to a fair trial when it improperly prohibited him from testifying about Shawn Kent's statement to him that Kent had "taken" his family;

Claim III  The trial court denied Petitioner's Fourteenth Amendment right to due process of law and based its ruling upon an unreasonable determination of the facts when it did not permit him to call Roger Niemeyer to testify in order to corroborate the prior consistent testimony of Ms. Koman after the Commonwealth challenged it as a recent fabrication; and,

Claim IV   The trial court violated Petitioner's constitutional right to due process in not permitting him to cross examine his ex-wife, Lori Niemeyer, as to her admission that she considered herself a "psycho bitch from hell."

In their Answer, Respondents contended that when Petitioner challenged the trial court's alleged errors at issue in Claims I through IV in his direct appeal, he raised only errors of state law. He did not, as he does here, raise violations of the Due Process Clause or any other provision of the federal constitution. Accordingly, Respondents asserted, Petitioner failed to exhaust the federal constitutional claims that he now raises before this Court in Claim I through Claim IV, and as a result has procedurally defaulted them for the purposes of federal habeas review.

The Magistrate Judge agreed with Respondents.  She recommended that Claim I through Claim IV be denied as procedurally defaulted.[1]

A petitioner whose constitutional claims are procedurally defaulted can overcome the default, thereby allowing federal habeas court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). In his Objections, Petitioner argues for the first time that he can establish "cause" to overcome his default of Claim I through Claim IV. Specifically, he faults his former attorneys, David G. Ridge, Esquire, and Timothy J. George, Esquire, who represented him in his direct appeal, for failing to argue that the alleged trial court errors at issue implicated his federal constitutional rights.

Petitioner's argument is rejected for two reasons.  First, an appellate attorney's decision not to raise a certain claim generally is not the type of conduct that satisfies the "cause" requirement.  As the Court of Appeals has stated:

> Examples of "cause" that are "external to the defense" include interference by the state with the conduct of a defense or the previous unavailability of the factual or legal basis of a claim.  Generally, "cause" cannot be based on the mere inadvertence of the petitioner or petitioner's counsel to take an appeal.  *"[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default."* [Murray v. Carrier, 477 U.S. at 486]. Indeed, in Coleman v. Thompson, 501 U.S. 722 [ ] (1991), the Court addressed . . . the effect of a

---

[1]  The Magistrate Judge noted that, in presenting to the Superior Court on direct appeal his contention that the trial court had erred when it did not permit the defense to call Roger Niemeyer (Claim III), Petitioner did cite to one federal case: Chambers v. Mississippi, 410 U.S. 284 (1973). However, as Respondents explained in their Answer, "[P]etitioner spen[t] no time developing the argument independent of the state evidentiary rule claim." Therefore, they argued, Claim III "should be considered procedurally defaulted." [ECF No. 20 at 10-11]. As set forth above, the Magistrate Judge agreed with Respondents and recommended that Claim III be denied as procedurally defaulted. However, the Magistrate Judge also recommended in the alternative that Claim III be denied on the merits because any constitutional error was harmless under Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (in order to grant habeas relief a federal habeas court must find that a trial error had a "substantial and injurious effect or influence in determining the jury's verdict.").

> litigant's inadvertent failure to take a timely appeal in a state collateral
> proceeding. The Court, applying Murray v. Carrier, concluded that an "ignorant
> or inadvertent procedural default" does not satisfy the cause element of cause and
> prejudice. Coleman, 501 U.S. at 752[.]

Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) (emphasis added). Even negligence on the

part of counsel does not qualify as "cause" "because the attorney is the prisoner's agent, and

under 'well-settled principles of agency law,' the principal bears the risk of negligent conduct on

the part of his agent." Maples v. Thomas, — U.S. — , 132 S.Ct. 912, 922 (2012) (citing

Coleman, 501 U.S. at 753-54).

Second, although Petitioner contends that Ridge and George's failure went beyond

negligence and amounted to misconduct so severe as to have violated his Fourteenth Amendment

right to effective representation on direct appeal,[2] he may not rely upon their alleged

ineffectiveness to establish "cause." That is because before a petitioner can rely upon ineffective

assistance of direct appeal counsel as "cause," he must first have exhausted that claim of

ineffective assistance with the state court. The Supreme Court explained:

> [W]e think that the exhaustion doctrine, which is "principally designed to protect
> the state courts' role in the enforcement of federal law and prevent disruption of
> state judicial proceedings," Rose v. Lundy, 455 U.S. 509, 518 (1982), *generally*
> *requires that a claim of ineffective assistance be presented to the state courts as*
> *an independent claim before it may be used to establish cause for a procedural*
> *default....* [I]f a petitioner could raise his ineffective assistance claim for the first
> time on federal habeas in order to show cause for a procedural default, the federal
> habeas court would find itself in the anomalous position of adjudicating an
> unexhausted constitutional claim for which state court review might still be
> available. The principle of comity that underlies the exhaustion doctrine would
> be ill served by a rule that allowed a federal district court "to upset a state court
> conviction without an opportunity to the state courts to correct a constitutional
> violation," Darr v. Burford, 339 U.S. 200, 204 (1950), and that holds true whether
> an ineffective assistance claim is asserted as cause for a procedural default or
> denominated as an independent ground for habeas relief.

---

[2]     The Supreme Court has recognized that attorney error which amounts to constitutionally ineffective
assistance can constitute "cause." See, e.g., Coleman, 501 U.S. at 753-54; Murray, 477 U.S. at 488-89.

Murray, 477 U.S. at 488-89 (emphasis added, parallel citations omitted).

In Pennsylvania, inmates such as Petitioner can raise ineffective assistance of direct appeal counsel claims in a motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). 42 Pa.C.S. § 9543(2)(i)-(ii). Petitioner filed a PCRA motion, but he did not contend in it that Ridge and George were ineffective for failing to frame the alleged trial court errors at issue in Claim I through Claim IV as violations of his federal constitutional rights. Because he did not, he cannot rely on their alleged ineffectiveness to establish "cause" to overcome his default of those claims. Murray, 477 U.S. at 488-89.

The only other statement that Petitioner makes in his Objections that requires comment is his contention that the R&R "contains an important factual error. On page 3 of the Report, the Magistrate discusses an alleged conversation on August 15, 2003. Petitioner avers that this conversation did not occur and that he was at work at the time." [ECF No. 27 at 1 n.1]. Contrary to Petitioner's assertion, there is no "factual error." In that part of the R&R identified by Petitioner, the Magistrate Judge quoted from the trial court's Pa.R.A.P. 1925(a) Opinion, in which it had summarized the evidence introduced at his trial. That evidence included testimony from the victim and her mother that, on and around August 15, 2003, the mother and Petitioner had argued during a telephone conversation. (3/16/05 Trial Tr. at 57, 76-78, 122-27). Petitioner claims that the August 15, 2003, telephone conversation did not occur, but the jury was free to credit the testimony of the victim and her mother.

Based upon all of the forgoing, the Court agrees with the Magistrate Judge that that Claim I through Claim IV are procedurally defaulted. The Court also finds that Petitioner's contention that the R&R contains an "important factual error" is without merit.

5

**II.**

Accordingly, this 7th day of March 2012, it is hereby **ORDERED** that

following a *de novo* review of the pleadings and record in this case, the Report and

Recommendation by Magistrate Judge Baxter is adopted as the Opinion of this Court, as

supplemented herein. The petition is denied and a COA is denied. The Clerk shall mark this

case **CLOSED**.

Maurice B. Cohill
Senior United States District Court Judge
Western District of Pennsylvania

6